UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL R. COHEN,<br><br>Plaintiff,<br><br>v.<br><br>HENDERSON JUSTICE COURT et al,<br><br>Defendants. | Case No. 2:24-cv-01708-RFB-EJY<br><br>**ORDER and<br>REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's Civil Rights Complaint (ECF No. 1-1). No filing fee or application to proceed *in forma pauperis* ("IFP") was received. This would ordinarily lead to an order requiring Plaintiff to either pay the filing fee or file a complete IFP application before a substantive review of his Complaint. Here, however, Plaintiff names as Defendants two parties who are immune from suit, and another against whom he cannot state a claim as pleaded. The Court thus exercises its authority to *sua sponte* recommend dismissal of Plaintiff's claims against the Henderson Justice Court, Clark County District Attorney's Office with prejudice, and Clark County Public Defender's Office because Plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

Separately, the Court orders Plaintiff's claim against the Henderson Police Department ("HPD") dismissed without prejudice and with leave to amend because Plaintiff may be able to state a claim against HPD under *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978).

**I.      DISCUSSION**

A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed if it is premised on a nonexistent legal interest or when the defendants are clearly immune from suit. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (citing *Williams v. Goldsmith*, 701 F.2d 603 (7th Cir. 1983)).

Here, Plaintiff attempts to assert claims against the Henderson Justice Court. ECF No. 1-1 at 2, 7. However, as an arm of the state, Henderson Justice Court enjoys sovereign immunity under the Eleventh Amendment. *See Greater L.A. Council on Deafness v. Zolin*, 812 F.2d 1103 (9th Cir. 1987) (a county court in California is protected by the Eleventh Amendment because "its geographical location within any particular county cannot change the fact that the court derives its power from the State and is ultimately regulated by the State"); *see also* NRS 4.370 (establishing jurisdiction and authority of Nevada's Justice Courts). For this reason, the Court recommends all claims against Henderson Justice Court be dismissed with prejudice.

Plaintiff also asserts claims against the Clark County District Attorney's Office, alleging that the District Attorney withheld evidence from counsel. ECF No. 1-1 at 5. Prosecutors enjoy absolute immunity from suits that "arise from their performance of prosecutorial functions, even if the acts in question were committed in bad faith." *Patterson v. Van Arsdel*, 883 F.3d 826, 829-30 (9th Cir. 2018) (citing *Imbler v. Pachtman*, 424 U.S. 409, 422-29 (1976)). *See also Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003) ("If the action was part of the judicial process, the prosecutor is entitled to the protection of absolute immunity whether or not he or she violated the civil plaintiff's constitutional rights."). Plaintiff cannot sidestep this immunity by bringing a claim against the District Attorney's Office rather than against a particular prosecutor, because "it is not a separate entity capable of being sued under Section 1983." *Williams v. Clark Cnty.*, Case No. 2:22-cv-00045-JAD-EJY, 2022 WL 2658978, at *3 (D. Nev. June 16, 2022).

Plaintiff also alleges violations by, but does not name as Defendants, the Clark County Public Defender's Office. ECF No. 1-1 at 5, 7. Any such claims must fail because public defenders are not state actors capable of being sued under § 1983. *Miranda v. Clark Cnty., Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (as a matter of law, a Clark County public defender does not "become a state actor within the meaning of § 1983" even when "providing inadequate representation to [a] defendant").

Finally, Plaintiff asserts claims against the HPD seemingly arising out of his transfer from Washoe to Clark County. ECF No. 1-1 at 3, 7. Unlike the above Defendants, municipalities and their agencies may be liable for constitutional violations committed by their officials according to

policy, practice or custom. *Monell*, 436 U.S. at 690-91. While Plaintiff's Complaint, as currently pleaded, fails to state a claim under *Monell*, it is not impossible for Plaintiff to potentially do so. A plaintiff may recover under *Monell* based on one of three theories: (1) commission—when a municipality establishes an official policy or custom that causes the injury; (2) omission—when a municipality's oversight amounts to a deliberate indifference to a constitutional right; or (3) ratification—when a policymaker authorizes or approves of the constitutional injury. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

## II.   ORDER

IT IS HEREBY ORDERED that Plaintiff's claims against the Henderson Police Department is DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff a copy of the form Civil Rights Complaint for inmates, together with the instructions for completing the same. Plaintiff is advised that his amended complaint must not name defendants (whether individuals or entities) who are immune from suit. Plaintiff's amended complaint must include all facts he wishes to assert against the Henderson Police Department keeping in mind the standard for stating a claim under *Monell* explained above. Plaintiff must file his amended complaint no later than **October 31, 2024**.

IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff a copy of the IFP application form inmates and instructions for completing the same together with a copy of this Order.

IT IS FURTHER ORDERED that Plaintiff will have through and including **October 31, 2024** to file a complete IFP application together with an amended complaint. Plaintiff must ensure he submits all three documents required to proceed *in forma pauperis*. This includes (1) a complete **Application to Proceed *in Forma Pauperis* for Inmate** on the Court's approved form; (2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. Even if Plaintiff has not been in the custody of Clark County Detention Center a full six-months period, Plaintiff must submit his inmate financial certificate and trust fund account statement for the dates he has been at the facility. 28 U.S.C. § 1915(a)(2); Local Rule LSR 1-2.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that Plaintiff's claims against the Henderson Justice Court, Clark County District Attorney's Office, and Clark County Public Defender's Office be DISMISSED with prejudice.

Dated this 19th day of September, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).